**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

In re:

\*

**MWM CARVER TERRACE, LLC,**   Case No.: 11-00168

\*

Debtor.   (Chapter 11)

\*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEBTOR'S AMENDED MOTION FOR INTERIM AND
FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND
GRANTING ADEQUATE PROECTION**

MWM Carver Terrace, LLC, the debtor and debtor in possession (the "Debtor"), by counsel, files this Amended Motion for Interim and Final Orders Authorizing Use of Cash Collateral and Granting Adequate Protection (the "Motion"), and in support thereof states:

**BANKRUPTCY RULE 4001 INTRODUCTORY STATEMENT**

1. The Debtor is the owner of a 407-unit residential apartment building located at 2026 Maryland Avenue NE, Washington D.C. 20002 (the "Property"). The Debtor is in the process of finalizing a contract for the sale of the Property in an amount sufficient to pay off all secured and unsecured debts. The Debtor intends to promptly file a sale motion and proposed plan of reorganization. Accordingly, the use of cash collateral, in the form of rents generated from the Property (as outlined below), to maintain the Property through the date of sale of the property is in the best interest of all creditors and parties in interest.

2. By this Motion, the Debtor requests the entry of interim and final orders authorizing the Debtor to, among other things, use cash collateral, pursuant to Section 363 of 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), of the secured creditor that asserts a lien on cash collateral, as described herein (the "Secured Creditor"), in accordance with the budget prepared by the Debtor (the "Budget"). A copy of the Budget is attached hereto as **Exhibit A**.

3.  The material provisions of the proposed use of cash collateral of the Secured Creditor (the "Cash Collateral") are set forth in the following sections of the proposed interim order (the "Interim Order"), attached hereto as **Exhibit B**, granting the relief sought herein:

   (a) <u>Debtor</u>.  MWM Carver Terrace, LLC.

   (b) <u>Secured Creditor</u>.  Federal National Mortgage Association ("Fannie Mae" or "Secured Creditor").

   (c) <u>Use of Cash Collateral</u>.  The Secured Creditor to date has not consented to the use of its cash collateral.  The Debtor proposes the use of the Debtor's cash to the extent and amounts set forth in the Budget.

   (d) <u>Adequate Protection</u>.  The Secured Creditor shall be provided with the following adequate protection under the Interim Order: (i) a replacement lien on all the post-petition assets of the Debtor pursuant to § 361 of the Bankruptcy Code to the extent of diminution in the value of the Secured Creditor's interest in Cash Collateral; and (ii) an administrative priority expense claim pursuant to § 507(b) of the Bankruptcy Code, to the extent there is a diminution in the value of the Secured Creditor's interest in Cash Collateral.  The replacement lien shall not attach to any causes of action of the Debtor arising under Chapter 5 of the Bankruptcy Code.  *See* Interim Order at ¶ 5.

   (e) <u>Waiver of Applicable Nonbankruptcy Law Relating to Perfection on Property of the Estate or on the Foreclosure or Other Enforcement of Liens</u>.  The Interim Order is deemed to be sufficient and conclusive evidence of the priority, perfection, and validity of the post-petition liens and security interests granted therein, effective as of the Petition Date, without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording or possession of the subject collateral, or other act to validate or perfect such security interest or lien.  *See* Interim Order at ¶ 6.

   (f) <u>Relief From Automatic Stay</u>.  The automatic stay provisions of Section 362 of the Bankruptcy Code are modified and vacated to the extent necessary to permit the Secured Creditor to perform any act authorized or permitted under the Interim Order, including, without limitation, to take any act to create, validate, evidence, attach or perfect any lien, security interest, right or claim in the Secured Creditor's collateral.  *See* Interim Order at ¶ 7.

4.  As stated above, the Debtor is in the process of pursuing a sale of its primary asset which would yield sufficient proceeds to pay all creditors in full.  As such, the Debtor requires

the use of cash collateral to operate, preserve and maintain the Debtor's Property (as defined below) in the ordinary course of business through sale completion.

## JURISDICTION

5. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 11 U.S.C § 157(b). Venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The relief sought by this Motion is based upon sections 105(a), 361, 362, and 363(c) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 4001 and 9014.

## THE CHAPTER 11 PROCEEDING

7. On March 3, 2011 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and the management of its businesses as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## THE DEBTOR AND ITS BUSINESS OPERATIONS

8. The Debtor is a limited liability company organized under the laws of the District of Columbia. The Debtor is the owner of a 407-unit residential apartment building located at 2026 Maryland Avenue NE, Washington D.C. 2002 (the "Property").

9. As of the Petition Date, approximately 75% of the Property was occupied pursuant to various rental leases. The aggregate amount of the monthly rents generated from the leases (the "Rents") is approximately $198,775.00.

10. The value of the Property is substantially greater than the secured debt on the Property.

**PREPETITION OBLIGATIONS**

11. The Debtor's existing asserted pre-petition indebtedness is comprised of the secured debt to Fannie Mae, asserted mechanics liens, and certain unsecured obligations:

*a.* ***Secured Financing.*** A loan (the "Loan") for the purchase of the Property was provided by Citibank ("Citibank") pursuant to a certain a Fixed Rate Promissory Note, in the original principal amount of $9,600,000 (the "Note"), which is secured by a first position lien and security interest in the Property pursuant to a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing dated August 31, 2007 (the "Security Instrument") and duly recorded among the land records of the District of Columbia.

Pursuant to the Security Instrument, the Debtor assigned its interest in all rents generated from the Property to Citibank, subject to a conditional and revocable license (the "License") given to the Debtor to collect, hold, apply and retain the rents of the Property as long as, among other things, it is not in default under the Note. On August 31, 2007, the Debtor also executed an Absolute Assignment of Rents and of Landlord's Interest in Leases (the "Assignment of Rents") and thereafter, Citibank recorded UCC Financing Statements (the "Financing Statement") covering "all rents, leases, contracts, fixtures and personal property" at the Property, both of which were duly recorded in the land records of the District of Columbia.

On December 18, 2007, Citibank assigned all of its right, title and interest in and to the Note, the Security Instrument and the Assignment of Rents to Fannie Mae. As of November 30, 2010, after Fannie Mae accelerated the Loan, it asserted that in excess of $8.3 million was owed by the Debtor.

4

      *b.*      *Asserted Mechanics Liens.*  Sitecec and District Electrical Services asserted mechanics liens against the Property. The Debtor previously reached agreements with these creditors and has been paying these claims in accordance with such agreements.

      *c.*      *Unsecured Obligations*. In addition to the foregoing, there are unsecured claims against the Debtor existing as of the Petition Date in the approximate total amount of $739,001.82.

## Relief Requested

12.    The Debtor requires the use of cash collateral in order to continue to operate, preserve and maintain the Property. Unless the Debtor can obtain the use of cash collateral, it will be irreparably harmed because it will be unable to operate and manage its business and preserve and maintain the going concern value of the Debtor's Property. The Debtor requires the use of cash collateral for the payment of, among other things, operating expenses including management fees, wages, utilities expenses, maintenance expenses, security costs, and other expenses as more fully set forth in the Budget. The Debtor's use of cash collateral to operate its business will protect the value of the Property.

## Legal Basis for Use of Cash Collateral

13.    Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use cash collateral unless the entity with an interest in the cash collateral consents or the court authorizes such use. Further, pursuant to section 363(c) of the Bankruptcy Code and Bankruptcy Rule 4001(b), the Court may conduct a preliminary hearing and authorize the use of cash collateral necessary to avoid immediate and irreparable harm to the estate pending a final hearing on the merits of the Motion.

14. The Debtor seeks the entry of interim and then final orders allowing the use of cash collateral to avoid irreparable harm. The Debtor's liquidity needs can be satisfied only if the Debtor is authorized to continue to use cash collateral in the manner authorized in the proposed Interim Order. The Debtor's use of the Cash Collateral consisting of the post-petition Rents from the operation of its business in accordance with the Budget is fair and reasonable, and will enable the Debtor to continue operations and continue to pursue the sale of the Property.

**The Proposed Adequate Protection Should be Authorized**

15. Section 363(e) of the Bankruptcy Code provides that, "on request of an entity that has an interest in property used ... or proposed to be used ... by [a debtor in possession], the court, with or without a hearing, shall prohibit or condition such use ... as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Section 361 of the Bankruptcy Code delineates the forms of adequate protection, which include periodic cash payments, additional liens, replacement liens, and other forms of relief. 11 U.S.C. § 361. What constitutes adequate protection must be decided on a case-by-case basis. *See In re O'Connor,* 808 F.2d 1393, 1396-97 (10th Cir. 1987); *In re Martin,* 761 F.2d 472, 474 (8th Cir. 1985); *Shaw Indus. v. First Nat'l Bank (In re Shaw Indus., Inc.),* 300 B.R. 861, 865-66 (Banks. W.D. Pa. 2003) (*quoting In re Sharon Steel Corp.*, 159 B.R. 165, 169 (Bankr. W.D. Pa. 1993)). The focus of the requirement is to protect a secured creditor from diminution in the value of its interest in the particular collateral during the period of use. *See In re Swedeland Bev. Group, Inc.,* 16 F.3d 552, 564 (3d Cir. 1994) (recognizing that new protections might be sufficient for "the whole purpose of adequate protection for a creditor is to insure that the creditor receives the value for which he bargained prebankruptcy.") (citation omitted).

6

16. The adequate protection provided under the proposed Interim Order, granting (i) a replacement lien on all the post-petition assets of the Debtor pursuant to § 361 of the Bankruptcy Code, subject to all pre-existing liens and only to the extent of diminution in the value of the Secured Creditor's interest in Cash Collateral, and (ii) an administrative priority expense claim pursuant to § 507(b) of the Bankruptcy Code, to the extent there is a diminution in the value of the Secured Creditor's interest in Cash Collateral, is fair, reasonable and sufficient to satisfy the requirements of §§ 363(c)(2) and (e) of the Bankruptcy Code. The Secured Creditor will not be provided a replacement lien on Chapter 5 causes of action or the proceeds of Chapter 5 causes of action.

17. Additional adequate protection is provided to the collateral of the Secured Creditor by the continued operations of the Property. Should the Debtor be unable to continue operating the Property, it may result in termination of the occupant leases which will negatively impact the value of the Property. Moreover, the proposed use of the Cash Collateral includes expenses for maintaining the Property which further protects the value of the Secured Creditor's collateral will allow for the Debtor to pursue the potential sale which should realize sufficient funds to pay all creditors in full. Furthermore, the Secured Creditor may be provided such additional adequate protection pursuant to 11 U.S.C. § 362(d)(3) as the Court may determine.

### The Automatic Stay Should Be Modified on a Limited Basis

18. The relief requested herein contemplates a modification of the automatic stay (to the extent applicable) to permit the Debtor to grant the security interests, liens, and superpriority claims described above with respect to the Secured Creditor and to perform such acts as may be requested to assure the perfection and priority of such security interests and liens.

19. Stay modifications of this kind are ordinary and standard features for the use of cash collateral, and in the Debtor's business judgment, are reasonable and fair under the present circumstances.

**<u>Interim Approval Should Be Granted</u>**

20. Bankruptcy Rules 4001(b) and (c) provide that a final hearing on a motion to use cash collateral or obtain credit, respectively, may not be commenced earlier than fifteen (15) days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary hearing on the motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing.

21. Pursuant to Bankruptcy Rules 4001(b) and (c), the Debtor requests that the Court conduct a preliminary hearing on the Motion and (a) authorize the Debtor to use Cash Collateral on an interim basis, pending entry of a final order, in order to maintain and finance the ongoing operations of the Debtor, and avoid immediate and irreparable harm to the Debtor's estate and all parties in interest, and (b) schedule a hearing to consider entry of a final order.

22. The Debtor requires the use of the Rents to continue to operate. Absent authorization from the Court to use cash collateral on an interim basis pending a final hearing on the Motion, the Debtor will be immediately and irreparably harmed. The availability of Cash Collateral to the Debtor will provide necessary assurance to the Debtor's vendors and tenants of the Debtor's ability to meet its obligations. Failure to meet these obligations and to provide these assurances likely would have a long-term negative impact on the value of the Property, to the detriment of all parties in interest. Accordingly, the interim relief requested is critical to preserving and maintaining the going concern value of the Debtor's Property and facilitating its reorganization efforts.

## Notice

23. Notice of this Motion has been provided to (a) the Office of the United States Trustee; (b) the Debtor's unsecured creditors (as no official committee of unsecured creditors has been appointed); (c) counsel to the Secured Creditor; and (d) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

## Conclusion

WHEREFORE, the Debtor requests that the Court:

(a) Enter an Order authorizing the interim use of Cash Collateral, substantially in the form submitted herewith, granting the relief requested in this Motion;

(b) Schedule a final hearing on the Motion;

(c) Enter an Order authorizing the final use of cash collateral as requested in the Motion; and

(d) Grant such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

/s/  Brent C. Strickland
WHITEFORD, TAYLOR & PRESTON L.L.P.
Brent C. Strickland, Bar No. 452880
Paul M. Nussbaum, Esquire
7 Saint Paul Street
Baltimore, Maryland 21202
(410) 347-8700
(410) 223-4302 (facsimile)
*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of March, 2011, a copy of the foregoing Motion was sent via the Court's electronic notification system and via first class mail, postage prepaid, to the parties on the attached Service List.

/s/ Brent C. Strickland
Brent C. Strickland

*1940803v2*

# MWM Properties
## Service List
**Doc. Id. 1943056**

| | | |
|---|---|---|
| Office of the United States Trustee<br>115 South Union Street<br>Suite 210 Plaza Level<br>Alexandria, VA 22314 | John G. McJunkin, Esquire<br>J. David Folds, Esquire<br>McKenna Long & Aldridge LLP<br>1900 K Street NW<br>Washington, D.C. 20006 | MWM Properties<br>c/o Mr. Corbett McClure, Manager<br>901 21st Street, N.E.<br>Washington, D.C. 20002 |
| Ace Fire Extinguisher Service, Inc.<br>5117 College Avenue<br>College Park, MD 20740 | Carefirst<br>BlueCross BlueShield<br>P.O. Box 79749<br>Baltimore, MD 21279 | Central Wholesalers, Inc.<br>13401 Virginia Manor Road<br>Laurel, MD 20707 |
| Citibank, N.A.<br>P.O. Box 894720<br>Los Angeles, CA 90189 | David Hockstein, Inc.<br>P.. Box 6010<br>Capitol Heights, MD 20791 | DC Treasurer<br>DCRA – Business License Center<br>1100 4th Street, S.W.<br>Washington, DC 20024 |
| DC Water & Sewer Authority<br>Measurement and Billing<br>P.O. Box 97200<br>Washington, DC 20090 | District Electrical Services, Inc.<br>4601 Decatur Street<br>Hyattsville, MD 20781 | Environmental Design &<br>Construction LLC<br>1104 Good Hope Road, S.E.<br>Washington, DC 20020 |
| Griffith-Steuart<br>6996 Columbia Gateway Drive #202<br>Columbia, MD 21046 | Interguard, Ltd.<br>Guard Insurance Group<br>P.O. Box 62479<br>Baltimore, MD 21264 | ITT Hartford<br>Waterford Park<br>505 North Highway 169<br>Minneapolis, MN 55441 |
| McCormick Paint Works Company<br>2355 Lewis Avenue<br>Rockville, MD 20851 | Porcelain Refinishers, Inc.<br>P.O. Box 0180<br>Bowie, MD 20719 | Potomac Electric Power Company<br>P.O. Box 4863<br>Trenton, NJ 08653 |
| SafeRent<br>P.O. Box 402453<br>Atlanta, GA 30384 | Sitetec Construction Co.<br>6132 C Brookshire Blvd.<br>Charlotte, NC 28216 | Southern Utilities Company, Inc.<br>P.O. Box 630376<br>Baltimore, MD 21263 |
| Washington Gas<br>District of Columbia Division<br>P.O. Box 9001036<br>Louisville, KY 40290 | Waste Management of Maryland<br>P.O. Box 13648<br>Philadelphia, PA 19101 | |