**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re:** | | |
| | * | |
| **MWM CARVER TERRACE, LLC,** | | **Case No.:  11-00168** |
| | * | |
| **Debtor.** | | **(Chapter 11)** |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**INTERIM ORDER AUTHORIZING DEBTOR'S INTERIM USE OF CASH
COLLATERAL AND GRANTING ADEQUATE PROECTION**

Upon consideration of MWM Carver Terrace, LLC's ("Debtor's") Motion for Interim

and Final Orders Authorizing the Use of Cash Collateral and Granting Adequate Protection,[1] (the

"Motion"), and all as more fully set forth in the Motion; and the Court having jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and due and proper notice of the

---

[1] All capitalized terms not otherwise defined herein, shall have the meanings given to them in the Motion.

Motion having been provided to the necessary parties; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court finds as follows:

A.      On March 3, 2011 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B.      The Debtor has continued in the possession of its property and has continued to operate and manage its business as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

C.      The Court has jurisdiction over the matters raised in the Motion, and over the persons and property affected by the Motion, pursuant to 28 U.S.C. §§ 157 and 1334.  The matters raised in the Motion are core proceedings pursuant to 28 U.S.C. § 157(b).  Venue for the Debtor's case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      The Debtor provided notice of this Motion to (a) the Office of the United States Trustee for the District of Columbia; (b) the Debtor's 20 largest unsecured creditors; (c) Federal National Mortgage Association (the "Secured Creditor", (d) any party which has formally appeared in this case and requested service.

2

E.      The Debtor is the owner of a 407-unit residential apartment building located at 2026 Maryland Avenue NE, Washington D.C. 20002 (the "Property")

F.      The Secured Creditor asserts a lien on certain assets of the Debtor, including the Property and the rents generated by the Property (the "Rents") pursuant to various loan documents.

G.      In the ordinary course of business, the Debtor requires cash flow from its operations, including the Rents, to fund its operating costs.  All of the Debtor's cash and cash proceeds are subject to the asserted security interest in favor of the Secured Creditor and, as such, constitute "cash collateral" of the Secured Creditor (as such term is defined in Bankruptcy Code section 363(a),  "Cash Collateral").

H.      The Debtor has a need to use its Cash Collateral.  Absent the use of Cash Collateral, the Debtor will not be able to fund its operating expenses, and its estate and creditors will suffer irreparable harm.

I.      Good and sufficient cause has been shown to justify the grant of interim relief requested in the form of the proposed (the "Interim Order").

J.      The terms of the Debtor's use of Cash Collateral, as more fully set forth in this Interim Order, are (i) fair and reasonable, (ii) reflect the Debtor's prudent business judgment consistent with its fiduciary duties, (iii) constitute reasonably equivalent value and fair consideration; and (iv) are essential and appropriate for the continued operation and management of the Debtor's business and the preservation of the Property.  Entry of this Interim Order is in the best interests of the Debtor and its estate and creditors.

K.      The adequate protection provided for under this Interim Order is sufficient to protect the Secured Creditor against any diminution in the value of its interest in the Cash

Collateral, and is fair, reasonable and sufficient to satisfy the requirements of the Bankruptcy Code.

L.        At a final hearing on the Motion (the "Final Hearing"), the Debtor will seek approval of the relief requested in the Motion on a final basis.  Notice of the Final Hearing will be provided in accordance with the requirements set forth in this Interim Order.

Based on the foregoing, it is, by the United States Bankruptcy Court for the District of Maryland, hereby **ORDERED**:

1.        That the Motion is GRANTED for the Debtor to use the Cash Collateral, on an interim basis, to the extent provided in this Order.

2.        Capitalized terms used but not defined herein shall have the meanings ascribed to such terms as in the Motion.

3.        Subject to the terms and conditions of this Order, the Debtor may use Cash Collateral for the period (the "Specified Period") from the date of this Order through (and including) _____, 2011, as may be extended pursuant to this Order.  Except as otherwise expressly provided in this Order, Cash Collateral may be used solely (a) during the Specified Period, as may be extended, (b) up to the amounts stated for any line item, during the periods and for the purposes identified in the Budget attached hereto as **Exhibit A**.

4.        If Cash Collateral is not used for a particular line item in the Budget during the period for which Cash Collateral usage is authorized for such line item in this Order, or if Cash Collateral is used in an amount less than specified in such line item during the budgeted period, then the Debtor may use the unused balance of such line item in other line items or subsequent periods, to the extent granted.  The Debtor may also utilize amounts for miscellaneous items set forth in the Budget for any budgeted expense.

5.      As adequate protection for the use and/or diminution of the interests of the Secured Creditor in the Cash Collateral (the "Adequate Protection"), the Secured Creditor shall be granted: (a) superpriority administrative claims against the Debtor pursuant to the provisions of Section 507(b) of the Bankruptcy Code, which superpriority administrative claims shall be limited solely to any diminution in value of the Cash Collateral from and after the Petition Date, having priority in right of payment over any and all other obligations, liabilities and indebtedness of Debtor, whether now in existence or hereafter incurred by Debtor, and over any and all administrative expenses; and (b) pursuant to Section 361 of the Bankruptcy Code, replacement liens on all of the Debtor's post-petition assets, which replacement liens shall be limited solely to any diminution in value of the Cash Collateral from and after the Petition Date which shall be first and senior in priority to all other interests and liens of every kind, nature and description, whether created consensually, by an order of the Court or otherwise, including, without limitation, liens or interests granted in favor of third parties in conjunction with Sections 363, 364 or any other section of the Bankruptcy Code or other applicable law.  Notwithstanding the foregoing, the liens granted to the Secured Creditor herein shall not attach to any of Debtor's claims and causes of action brought under Chapter 5 of the Bankruptcy Code (including but not limited to, those under sections 506, 544, 547, 548, 549, 550 and/or 552 of the Bankruptcy Code), and all rights, recoveries and defenses of Debtor's with respect thereto (collectively, the "Avoidance Actions").   Likewise, any superpriority claims granted to the Secured Creditor herein shall not be satisfied from the proceeds of any Avoidance Actions.

6.      This Interim Order shall be sufficient and conclusive evidence of the validity, perfection and priority of any claim or lien granted by this Interim Order with respect to the Adequate Protection without the necessity of filing or recording any financing statement or other

instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect in accordance with applicable non-bankruptcy law any claim or lien granted by this Interim Order with respect to the Adequate Protection, or to entitle the Secured Creditor to the priorities granted herein.  Notwithstanding the foregoing, the Secured Creditor is authorized to file, as it deems necessary in its sole discretion, such financing statements, notices of lien and other similar documents to perfect in accordance with applicable non-bankruptcy law any lien granted by this Interim Order with respect to the Adequate Protection, and all such financing statements, notices of lien and other similar documents shall be deemed to have been filed or recorded as of the Petition Date; *provided, however*, that no such filing or recordation shall be necessary or required to create or perfect any lien granted by this Interim Order with respect to the Adequate Protection.  The Debtor is authorized and directed to execute and deliver to the Secured Creditor all financing statements, notices of lien and other documents as the Secured Creditor may reasonably request.

7.    The automatic stay provisions of Section 362 of the Bankruptcy Code are modified and vacated to the extent necessary to permit the Secured Creditor to perform any act authorized or permitted under this Interim Order, including, without limitation, to take any act to create, validate, evidence, attach or perfect any lien, security interest, right or claim in the Secured Creditor's collateral.

8.    In the event any or all of the provisions of this Order are hereafter reversed, stayed, modified, amended, or vacated by a subsequent order of the Court or any other court, such reversal, stay, modification, amendment, or vacation shall not affect the validity of any right or obligation arising under this Order prior to the effective date of such modification, amendment

or vacation, and such right or obligation shall be governed in all respects by the provisions of this Order.

9.     This Order and the use of Cash Collateral authorized herein shall become effective immediately upon authorization and approval by the Court.  Except with respect to the payment of accrued items set forth in the Budget, the use of Cash Collateral authorized herein shall terminate on _____, 2011, at 12:00 midnight, subject to the Debtor's right to seek further order of the Court authorizing use of Cash Collateral.  Termination of the use of Cash Collateral authorized herein shall not impair the continuing effectiveness and enforceability of all other provisions in this Order.

10.     Within three business days after the entry of this Order, the Debtor shall serve a copy of this Order on: (a) the Office of the United States Trustee; (b) the Debtor's unsecured creditors; (c) counsel to the Secured Creditor; and (d) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002.

11.     Any party seeking to object to entry of an order further approving the relief set forth herein on an interim basis, must file a written objection (an "Objection"), stating with particularity the grounds therefore, with the United States Bankruptcy Court for the District of Columbia (the "Court") and serve such Objection on: the Debtor, c/o Brent C. Strickland, Esquire, Whiteford, Taylor & Preston L.L.P., 7 Saint Paul St., Baltimore, Maryland; the Secured Creditor, c/o J. David Folds, Esquire, McKenna Long & Aldridge LLP, 1900 K Street N.W., Washington D.C. 20006; and the Office of the United States Trustee, 115 South Union Street, Suite 210 Plaza Level, Alexandria, Virginia 22314 so that it is received no later than _____, 2011 at 4:00 p.m.

12.     A final hearing to consider the Debtor's request use of Cash Collateral shall be held on _____, 2011 at ___:____ ___.M.

13.     Subject to applicable law, the terms of this Order shall be binding upon and inure to the benefit of the successors and assigns of each party hereto, including any trustee appointed with regard to the Debtor under the Bankruptcy Code, whether in a chapter 7 or in this chapter 11 case.

**END OF ORDER**

cc:     Brent C. Strickland, Esquire
        Paul M. Nussbaum, Esquire
        Whiteford, Taylor & Preston L.L.P.
        7 St. Paul Street, Suite 1500
        Baltimore, Maryland 21202

        Office of the United States Trustee
        115 South Union Street
        Suite 210 Plaza Level
        Alexandria, Virginia  22314

        John G. McJunkin, Esquire
        J. David Folds, Esquire
        McKenna Long & Aldridge LLP
        1900 K Street NW
        Washington, D.C. 20006

*1940820*