The document below is hereby signed.

Signed: March 25, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MWM CARVER TERRACE, LLC, | ) | Case No. 11-00168 |
| | ) | (Chapter 11) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ENTRY
OF BRIDGE AND FINAL ORDERS RELATING TO UTILITIES SERVICES
PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE

This addresses the debtor's *Motion for Entry of Bridge and Final Orders Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (I) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Service, (II) Deeming Utility Companies Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Additional Adequate Assurance of Payment* (the "Motion").  The debtor failed to serve the Motion in accordance with Fed. R. Bankr. P. 7004 (made applicable to this contested matter by Fed. R. Bankr. P. 9014).  Further, the debtor failed to include notice under LBR 9013-1 of the opportunity to oppose the motion.  Accordingly, the Motion will be denied without prejudice.

The debtor commenced its case on March 3, 2011, yet it did not file the Motion until eighteen days later on March 21, 2011. That left only twelve days of the 30-day period of 11 U.S.C. § 366(c)(2), after which, unless an order were obtained under 11 U.S.C. § 366(c)(3), each utility could insist upon adequate assurance of payment that is satisfactory to it, and discontinue service if such adequate assurance is not forthcoming.  The debtor has painted itself into this narrow time corner, and in order to obtain a § 366(c)(3) order before the 30-day period expires will have to put the matter down for hearing on an emergency basis.  The clerk advises that April 1, 2011, at 9:30 a.m. is an available date.

Even once the debtor takes those steps, I view with disfavor the convoluted nature of the debtor's proposed order regarding the procedures applicable after entry of any interim order.  The proposed order is called a bridge order, but effectively works as a final order subject to change only upon a utility following an Additional Payment Request procedure that includes a built-in 30-day delay before the debtor is required to file a motion seeking a determination that the assurance of payment imposed by the interim order constitutes adequate assurance of payment such that the utility is not entitled to insist on what is satisfactory protection to it under its Additional Payment Request.  Why should the debtor be entitled to the 30-day delay

set forth in its proposed order when it has only shown on an emergency interim basis that it is providing adequate assurance of payment?  Unless the utilities affirmatively consent to such a procedure, it seems to me more appropriate, by way of analogy to Fed. R. Bankr. P. 4001(b) and (c), that the debtor ought to request an interim order pursuant to an expedited hearing, to the extent necessary to avoid irreparable injury pending a final hearing, and the entry of a final order after the court holds a plenary final hearing.  Even if I grant interim relief because the utilities fail to respond or are unable fully to present their positions, that circumstance could arise because of the hearing being held on an expedited basis.  In that circumstance, the utilities would be entitled to insist that at a final hearing at which they *are* prepared to present their positions, the debtor carry its burden of proof regarding whether its proposed assurance of payment is indeed adequate assurance of payment.

Finally, the proposed order would apply to utilities that were omitted from the motion.  Again, without such a utility having been served with the motion and being given an opportunity to oppose the motion, it ought not be bound by the order.

In light of the foregoing, it is

ORDERED that the Motion (Dkt. No. 19) is denied without prejudice.

[Signed and dated above.]

Copies to: Recipients of e-notifications of filings in case; and:

DC Water & Sewer Authority
Measurement and Billing
PO Box 97200
Washington, DC 20090

DC Water and Sewer Authority
Credit and Collection Office
810 First Street, NE
Washington, DC 20002

Washington Gas
101 Constitution Avenue, NW
Washington, DC 20080

Potomac Electric Power Company
PO Box 4863
Trenton, NJ 08653